# In the United States Court of Federal Claims

No. 22-1634

Filed: March 2, 2023

|  |  |
|---|---|
| GABRIEL W. DONNELLY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

Gabriel W. Donnelly, pro se.

Augustus J. Golden, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., with whom were Elizabeth Hosford, Patricia McCarthy, and Brian M. Boynton, *of counsel*.

## OPINION AND ORDER

**MEYERS, Judge**.

Gabriel Donnelly is currently detained and awaiting trial on certain criminal charges in Alaska. He complains of delay in his trial that has resulted in his remaining in pre-trial detention for 682 days. Because this Court lacks jurisdiction to hear Donnelly's claims, the Court must grant the Government's motion to dismiss.

It is not clear from the brief complaint what Donnelly is accused of doing and why he is currently detained awaiting trial. Donnelly is challenging a criminal proceeding in Alaska's Third Judicial District Court in Palmer, Alaska. ECF No. 1 at 1-2.[1] He raises numerous allegations about the performance of his public defender, the judge, and the district attorney involved in his case, alleging that they are all violating his rights. As a result, Donnelly argues that the state court is trying to convict him without evidence in violation of his rights. Thus, he asks this Court to "[p]lease get [his criminal] case dismissed [and] all charges dropped with extreme prejudice and me released immediately." *Id*. at 3. The Government moves to dismiss for lack of subject matter jurisdiction. ECF No. 7.

---

[1] The Court cites to the ECF header when citing ECF No. 1.

"Subject matter jurisdiction is a threshold issue that must be determined at the outset of a case." *King v. United States*, 81 Fed. Cl. 766, 768 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). This Court's primary source of jurisdiction is the Tucker Act, 28 U.S.C. § 1491. Under the Tucker Act, this Court has subject matter jurisdiction over claims brought against the United States that are "founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S. C. § 1491(a)(1). But "[t]he Tucker Act itself does not create a substantive cause of action . . . ." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). To establish jurisdiction, Plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Id*. (citations omitted). If there is no money-mandating source of law that supports Plaintiff's claims, "the Court of Federal Claims lacks jurisdiction" and the case must be dismissed for lack of subject matter jurisdiction. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cnty., Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

When deciding a Rule 12(b)(1) motion to dismiss, the Court "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in [the Plaintiff's] favor." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000). And it is well-established that the plaintiff "bears the burden of establishing that the court has subject matter jurisdiction by a preponderance of the evidence." *Howard v. United States*, 74 Fed. Cl. 676, 678 (2006), *aff'd*, 230 F. App'x 975 (Fed. Cir. 2007) (per curiam) (citation omitted). Complaints filed by pro se plaintiffs "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted). However, "the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements." *Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

Here, it is clear the Court lacks jurisdiction and must dismiss this case. First, this Court "does not have jurisdiction over criminal matters." *Cooper v. United States*, 104 Fed. Cl. 306, 311 (2012) (citing *Kania v. United States*, 650 F.2d 264, 268 (Ct. Cl. 1981)). Therefore, this Court cannot grant the requested relief of getting Donnelly's criminal case dismissed and his release from detention.

Second, Donnelly claims that he has gone to all levels of the state and federal judiciary to get his case dismissed and released from detention under the Speedy Trial Act—"I have gone up the judicial chain of command jurisdiction from state (district/superior) courts to U.S. District Court, [the] Alaska Supreme Court, [the] 9th Circuit Court and [the] U.S. Supreme Court." ECF No. 1 at 2. Whatever merit his arguments have, they belong before one of the courts Donnelly has already been to, not this one that lacks jurisdiction over criminal matters. And, given that the Courts that may be able to entertain Donnelly's arguments have declined the relief he seeks, he is, in effect, asking this Court to second guess those courts. But this Court cannot review the decisions of state courts in criminal or civil matters. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011) ("To the extent that [the prisoner] asked the [Court of Federal Claims] to review any of the judgments of the Minnesota state and federal courts with respect to his criminal case, the [Court of Federal Claims] does not have the authority to review such decisions.") (citations omitted); *Mora v. United States*, 118 Fed. Cl. 713, 716 (2014) ("[T]his

court does not have jurisdiction to review the decisions of state courts, federal bankruptcy courts, federal district courts, or federal circuit courts of appeals . . . .").

      Finally, it appears that Donnelly is claiming that the various attorneys and judge involved in his state criminal prosecution are the ones causing his alleged harm.  But this Court lacks jurisdiction to hear claims against any party other than the United States.  *E.g.*, *United States v. Sherwood*, 312 U.S. 584, 588 (1941).  Thus, the Court cannot entertain Donnelly's claims against these individuals, all of whom appear to be state employees.  *Berdick v. United States*, 612 F.2d 533, 536 (Ct. Cl. 1979).

      Therefore, the Court GRANTS the Government's motion to dismiss for lack of subject matter jurisdiction, ECF No. 7.  The Court also GRANTS Donnelly's motion for leave to proceed in forma pauperis, ECF No. 2.  The Clerk's Office shall enter judgment accordingly.

IT IS SO ORDERED.

                                           s/ Edward H. Meyers
                                           Edward H. Meyers
                                           Judge